UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE G.,

          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. 2:19-0107 TSZ-JRC

REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT

NOTING DATE: October 4, 2019

This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. *See* Dkts. 12, 16, 17.

After considering and reviewing the record, the Court finds that the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence for rejecting the opinions of two treating providers. The ALJ rejected Dr. Johansen's opinion regarding plaintiff's right arm condition because her performance on another examination showed improvement. This was not

based on substantial evidence because the second examining doctor noted marked limitations to the use of plaintiff's right arm, which the ALJ failed to discuss.

The ALJ rejected Dr. Haller's opinions regarding plaintiff's right arm condition because it was not from the relevant time period. However, the opinion is clear that, although it was issued after the expiration of plaintiff's insured status, it related to the relevant time period. The Ninth Circuit has held that opinions issued after a plaintiff's insured status expires are relevant to the plaintiff's functioning during the relevant period.

The ALJ also failed to give clear and convincing reasons for rejecting plaintiff's symptom testimony, relying on plaintiff's daily activities without making specific findings regarding what testimony contradicted those activities.

When the improperly rejected evidence is credited as true, it is clear that plaintiff is disabled pursuant to social security regulations. There are no other outstanding issues to be resolved. The vocational expert testified that if plaintiff were limited in her ability to reach out in front with her dominant right arm, that she could perform no jobs in the national economy.

Accordingly, this Court recommends that this matter be reversed and remanded to the Commissioner and that benefits be awarded pursuant to sentence four of 42 U.S.C. § 405(g).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act were denied initially and following reconsideration. AR. 78, 94. Plaintiff's requested hearing was held before Administrative Law Judge Tom L. Morris ("the ALJ") on November 16, 2017. *See* AR. 37. On January 31, 2018, the ALJ issued a written

1 decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social
2 Security Act. *See* AR. 14.

3 On December 7, 2018, the Appeals Council denied plaintiff's request for review, making
4 the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see*
5 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's
6 written decision in January 2018. *See* Dkt. 1. Defendant filed the sealed administrative record
7 regarding this matter ("AR.") on April 26, 2019. *See* Dkt. 10.

8

9 <center>BACKGROUND</center>

10 Plaintiff, Michelle G., was born in 1972 and was 38 years old on the alleged disability
11 onset date of May 23, 2010. AR. 79. Plaintiff has a GED and work history in customer service.
12 AR. 250. Plaintiff stopped working because of her conditions. AR. 249,

13 Plaintiff filed her claim for disability on February 9, 2015 alleging impairments of
14 ulcerative colitis, complex annul fistula, thoracic outlet syndrome, and depression/anxiety. AR.
15 79. According to the ALJ, plaintiff has at least the severe impairments of right shoulder
16 degenerative joint disease, status-post arthroscopy, thoracic outlet syndrome, and a history of
17 bowel disorder with perianal fistulas. AR. 19.

18

19 <center>STANDARD OF REVIEW</center>

20 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of
21 social security benefits if the ALJ's findings are based on legal error or not supported by
22 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th
23 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

24

1              DISCUSSION

2   Plaintiff filed her application for disability alleging primarily physical impairments. In plaintiff's opening brief, plaintiff raises the following issues: (1) Whether the ALJ erred in evaluating the opinions of the medical experts; and (2) Whether the ALJ erred in rejecting plaintiff's symptom report. *See* Dkt. 12 at 1.

  Additionally, there is the issue of whether plaintiff was disabled prior to her date last insured ("DLI"). 20 C.F.R. § 404.101; 404.130. Accordingly, plaintiff must show that she was disabled before December 31, 2015. AR. 17.

**I. Medical Opinion Evidence**

  Plaintiff alleges that the ALJ erred in rejecting the medical opinions of several treating and examining physicians. When an opinion from an examining or treating doctor is contradicted by other medical opinions, the treating or examining doctor's opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995).

  In general, more weight is given to a treating medical source's opinion than to the opinions of those who do not treat the claimant. *Lester,* 81 F.3d at 830 (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)). According to the Ninth Circuit, "[b]ecause treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinion of other physicians." *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996)[1] (citing *Rodriguez v. Bowen*,

---

[1] *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996) has been superseded by 20 C.F.R. §404.1520c for claims filed on or after March 27, 2017. Plaintiff filed her claim for disability benefits on February 9, 2015. *See* AR. 79.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 4

876 F.2d 759, 761-762 (9th Cir. 1989). On the other hand, an ALJ need not accept the opinion of a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings or by the record as a whole. *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190, 1195 (9th Cir. 2004) (citing *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). However, the ALJ may not reject a brief, conclusory opinion from a treating physician if the opinion is consistent with the claimant's testimony and with the doctor's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014).

A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan,* 242 F.3d at 1149 (citing *Magallanes, supra*, 881 F.2d at 752).

   a. Dr. Johansen

Treating physician, Dr. Kai Johansen, M.D., is a vascular surgeon who treats plaintiff's right shoulder impairment, neurogenic thoracic outlet syndrome ("TOS"). Dr. Johansen treated plaintiff's right shoulder condition and submitted two opinions regarding plaintiff's functioning. *See* AR. 365-66; 720-728.

In April 2015, Dr. Johansen submitted a functional evaluation stating that plaintiff could lift or carry less than ten pounds, could stand or walk less than two hours total in an eight-hour workday, and must periodically alternate sitting and standing to relieve pain or discomfort. AR. 721. He stated that plaintiff was limited in her ability to push or pull using her upper extremities, and that her condition "has led to substantial limitation of strength, endurance, flexibility and

1  range of motion of the (R) upper extremity[.]" AR. 721. He also stated that plaintiff was limited

2  in reaching all directions, handling, fingering, and feeling. AR. 723. In a deposition in July 2014,

3  Dr. Johansen testified that plaintiff was incapable of employment and unable to use her right arm

4  due to TOS. AR. 365-67; 728.

5        The ALJ assigned partial weight to Dr. Johansen's opinion because it did not "account

6  for [plaintiff's] improvement later in the relevant period, as she was capable of most exertional

7  and postural activities during her consultative examination and did not receive any significant

8  treatment for her anal fistulas after 2012." AR. 25. It appears that the ALJ only consider Dr.

9  Johansen's April 2014 functional assessment. The ALJ must provide specific and legitimate

10 reasons, supported by substantial evidence, for rejecting a contradicted treating physician's

11 opinion. *Lester,* 81 F.3d at 830-31.

12       The ALJ's second reason—that plaintiff did not receive any significant treatment for her

13 anal fistulas after 2012—is not a legitimate reason because it is not relevant to plaintiff's right

14 shoulder impairment. *See Lester,* 81 F.3d at 830-31.

15       The ALJ also stated that plaintiff showed improvement in her condition as evidenced by

16 her performance during her May 2015 consultative evaluation with Dr. Gaffield. AR. 25; *see*

17 *also* AR. 1740. This reason is not supported by substantial evidence.

18       The ALJ summarized Dr. Gaffield's opinion as stating that plaintiff "could lift and carry

19 twenty pounds occasionally and ten pounds frequently, could not safely hold grab bars, railings

20 or devices, could frequently perform manipulative activities, and should avoid working

21 overhead, performing overhead reaching, or around hazards. AR. 25. Dr. Gaffield also gave an

22 opinion as to plaintiff's ability to sit and stand due to her fistula condition. AR. 25. The ALJ

23 assigned partial weight to Dr. Gaffield's opinion because it was consistent with his observations

24

during the examination. AR. 25.  However, the ALJ determined that a more restrictive RFC limitation of a sit-stand option was warranted due to plaintiff's fistula condition. AR. 25. Thus, it appears clear that the ALJ afforded greater weight to Dr. Gaffield's opinion regarding plaintiff's shoulder impairment. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (The reviewing court is "not deprived of [its] faculties for drawing specific and legitimate inferences from the ALJ's opinion.").

The ALJ omitted discussion of parts of Dr. Gaffield's assessment that opined to greater functional limitations. The ALJ noted that plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently, and could frequently perform manipulative activities. AR. 25. However, Dr. Gaffield reported that plaintiff's ability to lift and carry would be "limited by the condition of her right shoulder" and that her manipulative activities "[c]ould be performed frequently limited by the pain in her right shoulder." AR. 1744-45. He diagnosed "[r]ight shoulder weakness with marked restriction [to] motion," and noted reduced strength and range of motion on examination. AR. 1743-44. The ALJ does not explain why he did not include such limitations in the RFC, instead finding that plaintiff could "lift and/or carry ten pounds frequently and fifteen pounds occasionally; . . . [and] could frequently push, pull, and reach, but could never reach overhead, with her right upper extremity[.]" AR. 21.

Plaintiff also states that the ALJ erred in silently rejecting Dr. Johansen's July 2014 opinion that plaintiff—who is right-hand dominant—could not do any work that required her to hold her right arm in front of her for a sustained period of time. *See* Dkt. 12 at 3; *see also* AR. 365-67. Defendant argues that it was harmless error for the ALJ to overlook Dr. Johansen's July 2014 opinion because it is substantially similar to his April 2014 opinion. Dkt. 16 at 5.

1    The ALJ's failure to discuss the opinion is significant because the Commissioner has

2 specifically addressed reaching limitations:

> Reaching, handling, fingering, and feeling require progressively finer usage of the upper extremities to perform work-related activities. *Reaching (extending the hands and arms in any direction) . . . [is an activity] required in almost all jobs.* Significant limitations of reaching or handling, therefore, may eliminate a large number of occupations a person could otherwise do. Varying degrees of limitations would have different effects, and the assistance of a [vocational specialist] may be needed to determine the effects of the limitations.

7 SSR 85-15, 1985 LEXIS 20 at *19-20.  Thus, Dr. Johansen's opinion—that plaintiff is unable to

8 have her dominant right arm held *out in front of her for any sustained period*—is a relevant

9 consideration because the ALJ only included an RFC limitation for reaching overhead. *See* AR.

10 21, 366.

*Dr. Haller*

12    Treating orthopedist, Dr. Ralph Haller, M.D., treated plaintiff's right shoulder condition,

13 performed several of plaintiff's surgeries, and submitted two functional assessments. In a

14 December 2016 assessment, Dr. Haller stated that had been diagnosed with right shoulder TOS

15 and estimated that her condition "probably will not change." AR. 1798. He stated that she

16 suffered from "chronic near constant pain" in her right arm. AR. 1798. He estimated that plaintiff

17 could sit for twenty minutes at one time, for a total of six hours, and that she could stand for

18 twenty minutes at one time, for a total two hours in an eight-hour workday. AR. 1799. He opined

19 that plaintiff would need to walk around every hour and that she would require permits shifting

20 from sitting to standing at will. AR. 1799-1800. He stated that she could occasionally lift up to

21 ten pounds, and would have significant limitations with reaching, handling, and fingering in her

22 right arm. AR. 1801. Dr. Haller stated that plaintiff would have good days and bad days and

23 would likely be absent more than four days per month. AR. 1801.

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 8

In November 2016—one month prior to the previous decision—Dr. Haller submitted a similar opinion, except that he opined that plaintiff would be limited to reaching 50% of the workday, rather than 10%. *See* AR. 1801, 1869.

The ALJ rejected Dr. Haller's opinions because they overstated plaintiff's limitations, were from after the relevant period, and because plaintiff was capable of returning to work after she was treated for her fistula condition in 2011. AR. 25. As a contradicted treating physician's opinion, the ALJ must provide specific and legitimate reasons, supported by substantial evidence, for rejecting Dr. Haller's opinion. *Lester,* 81 F.3d at 830-31.

The ALJ's third reason—that plaintiff was capable of returning to work after she was treated for her fistula condition in 2011—is not a legitimate reason because it is not relevant to plaintiff's right shoulder impairment. *See Lester,* 81 F.3d at 830-31.

The ALJ stated that Dr. Haller overstated plaintiff's limitations because "she had full strength and was capable of the required exertional and postural activities during her May 2015 consultative examination" with Dr. Gaffield. AR. 25. As discussed above, this reason is not based on substantial evidence because Dr. Gaffield opined that plaintiff's ability to lift and carry would be "limited by the condition of her right shoulder" and that she had "[r]ight shoulder weakness with marked restriction [to] motion," and reduced strength and range of motion on examination. AR. 1743-45.

The ALJ also stated that Dr. Haller's opinion is not from the relevant time period because it was submitted after plaintiff's DLI of December 31, 2015. AR. 25. Disability claimants must establish disability prior to their DLI to be eligible for Title II benefits. 20 C.F.R. § 404.101; 404.130. Dr. Haller submitted his opinions in November and December 2016—one year after plaintiff's DLI.

1    The Ninth Circuit specifically has "held that 'medical evaluations made after the
2    expiration of a claimant's insured status are relevant to an evaluation of the preexpiration
3    condition.'" *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996) (quoting *Smith v. Bowen*, 849
4    F.2d 1222, 1225 (9th Cir. 1988)). Defendant cites *Johnson v. Shalala,* 60 F.3d 1428, 1432-33
5    (9th Cir. 1995) to support the notion that the ALJ is entitled to give less weight to an opinion
6    issued after a claimant's DLI. *See* Dkt. 16 at 7.  However, in *Johnson,* the ALJ assigned less
7    weight to an opinion issued after the DLI because it was conclusory and did not include a
8    functional assessment from the relevant time period—not because the opinion itself was issued
9    after the DLI. *Johnson,* 60 F.3d at 1433.
10   Although Dr. Haller issued his opinion in late 2016, he states on the evaluation that he
11   had treated plaintiff since 2012. *See* AR. 1866. Dr. Haller also responded to a questionnaire from
12   plaintiff's attorney clarifying that the functional assessment he submitted relates to the relevant
13   period stating "I have been seeing her for these symptoms since August 2012. Condition has
14   remained unchanged." AR. 1848. Therefore, the ALJ's rejection of Dr. Haller's opinion because
15   it was not from the relevant time period is not based on substantial evidence.
16   The ALJ's rejection of Dr. Johansen's and Dr. Haller's opinions was not harmless error.
17   *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security are
18   harmless if they are 'inconsequential to the ultimate nondisability determination'") (quoting
19   *Stout v. Commissioner, Soc. Sec. Admin.,* 454 F.3d, 1050, 1055-56 (9th Cir. 2006)). When an
20   ALJ ignores or improperly discounts significant and probative evidence in the record favorable
21   to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity
22   [RFC] determination." *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). Furthermore, when
23   the RFC is incomplete, the hypothetical question presented to the vocational expert relied on at
24

step five also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *Id.* at 1162. Therefore, if the ALJ had not improperly rejected Dr. Johansen's and Dr. Haller's opinions, additional limitations may have been added to the RFC, which may have changed the outcome of the case.

   b. Dr. Rubio and Dr. Bernardez-Fu

The ALJ assigned partial weight to the Dr. Rubio and Dr. Bernardez-Fu are state Agency medical consultant who reviewed plaintiff's file. *See* AR. 25, 90-91, 106-07. The ALJ stated that the consultants found that plaintiff could frequently push, pull, and reach with the right upper extremity. AR. 25. This is incorrect—the consultants found that plaintiff would be limited to reaching on the right side, both in front and overhead. AR. 90; 106. Thus, in terms of reaching limitations, the consultants' opinions are not inconsistent with Dr. Johansen's and Dr. Haller's opinions.

Moreover, the consultants determined that plaintiff could perform her past relevant work and did not continue to the fifth step of the sequential evaluation process to determine whether other work existed in the national economy that plaintiff could perform. *See* AR. 92-93. The ALJ determined that plaintiff was not capable of her past work as a customer service representative AR. 26. The ALJ conceded that the consultants "did not consider all of the objective medical evidence of record, and did not fully account for the exertionally limiting effects of the claimant's impairments . . . [and] they are entitled to partial weight to the extent consistent with the record as a whole." AR. 25.

A non-examining physician's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester,* 81 F.3d at 831. Additionally, the consultants' opinions regarding plaintiff's reaching

limitations are consistent with Dr. Haller's and Dr. Johansen's opinions. The only other medical opinion was submitted by treating provider Carl J. Gannon, ARNP, who also attested to limitations consistent with Drs. Haller and Johansen. *See* AR. 2008 (plaintiff's "medical conditions are sever[e] chronic diseases causing significant function, [sic] and mental impairments.") Accordingly, all medical opinions in the record are consistent in regards to plaintiff's reaching limitations.

    *c. ARNP Gannon*

Plaintiff also alleges that the ALJ improperly rejected the medical opinion of treating provider Carl J. Gannon, ARNP. This Court has determined that the ALJ improperly rejected several other medical opinions, as discussed above, and that Nurse Gannon's opinion is consistent with the other medical opinions in the record.

**II.  Plaintiff's Symptom Testimony**

Plaintiff also alleges that the ALJ erred in rejecting plaintiff's symptom testimony. If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (citing *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff testified that repetitive use of her right arm "incapacitates her for the remainder of the day." AR. 22. She also testified that "she can lift up to twenty pounds with her right arm, but cannot engage in repetitive motion." AR. 22.

The ALJ rejected plaintiff's testimony as inconsistent with the objective medical evidence in the record. AR. 23. As discussed above, the ALJ did not provide specific and legitimate reasons for rejecting several medical opinions. Plaintiff's testimony regarding the use of her right arm is consistent with Dr. Haller's and Dr. Johansen's opinions. Thus, this is not a clear and convincing reason to reject plaintiff's testimony.

The ALJ also rejected plaintiff's testimony because "she admitted capability for a broad range of daily activities, wholly inconsistent with her testimony, including bathing, dressing herself, preparing food, taking care of her dog and cat, shopping, and doing laundry, housework and gardening." AR. 24-25.

The Ninth Circuit repeatedly has "asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Ninth Circuit specified "the two grounds for using daily activities to form the basis of an adverse credibility determination: (1) whether or not they contradict the claimant's other testimony and (2) whether or not the activities of daily living meet "the threshold for transferable work skills." *Orn,* 495 F.3d at 639 (citing *Fair,* 885 F.2d at 603). As stated by the Ninth Circuit, the ALJ "must make 'specific findings relating to the daily activities' and their transferability to conclude that a claimant's daily activities warrant an adverse credibility determination." *Orn,* 495 F.3d at 639 (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005)). Moreover, in evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but "'must specifically identify what testimony is credible and what evidence undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968,

972 (9th Cir. 2006) (quoting *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)).

Here, the ALJ merely identified certain activities and made conclusory findings that they are "wholly inconsistent" with plaintiff's testimony regarding her right arm. AR. 24-25. He did not state how these activities were inconsistent. Plaintiff's testimony is regarding *repetitive* use of her right arm. *See* AR. 22. The ALJ does not explain how plaintiff's occasional "bathing, dressing herself, preparing food, taking care of her dog and cat, shopping, and doing laundry, housework and gardening" involve the repetitive use of plaintiff's right arm, nor does he consider that these activities could be done primarily with the left arm. This is not a clear and convincing reason for rejecting plaintiff's symptom testimony.

### III.     Remedy

Generally when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

At the first step, the court should determine if "the ALJ has failed to provide legally sufficient reasons for rejecting [the particular] evidence." *Smolen,* 80 F.3d at 1292 (citations omitted). Here, the Court has determined that the ALJ improperly rejected several medical opinions, and failed to give clear and convincing reasons for rejecting plaintiff's symptom testimony.

Next, as stated by the Ninth Circuit:

> Second, we turn to the question whether further administrative proceedings would be useful. In evaluating this issue, we consider whether the record as a whole is free from conflicts, ambiguities, or gaps, whether all factual issues have been resolved, and whether the claimant's entitlement to benefits is clear under the applicable legal rules.

*Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted). The record in this case appears to be complete, and it does not appear that further proceedings would serve a useful purpose. Plaintiff must prove that she is disabled prior to her DLI of December 31, 2015. The opinions contained in the record are relevant to that time period.

The final step is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008). The court noted that at this final "stage of the credit-as-true analysis, we do not consider arguments against crediting evidence that the ALJ did not make." *Garrison,* 759 F.3d at 995. However, the Ninth Circuit has stated that the reviewing court should consider whether or not further administrative proceedings would serve a useful purpose before applying the final part of the credit-as-true rule. *See Treichler* 775 F.3d at 1105.

The vocational expert testified that if plaintiff was able to use her right upper extremity only on a less than occasional basis, she would be incapable of past work, as well as other work in the economy. AR. 74. The vocational expert clarified that "the ability to use the upper extremities, especially the dominant upper extremity at the sedentary level, is really a requirement." AR. 74. The vocational expert further testified that missing more than one day of work per month would preclude the ability to maintain employment. AR. 75. It appears clear that, if Dr. Haller's and Dr. Johansen's opinions were credited as true, plaintiff would not be able

to perform any work on a full-time, sustained basis. Moreover, plaintiff has several other medical and mental health conditions that add additional limitations to plaintiff's functioning, leaving no serious doubt that plaintiff is disabled.

Thus, when crediting the improperly rejected evidence as true, it is clear that plaintiff would be found to be disabled. Accordingly, this Court recommends that this matter be remanded to the Commissioner for an award of benefits.

## CONCLUSION

Based on these reasons, and the relevant record, the undersigned recommends that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for the calculation of benefits to be awarded. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 4, 2019, as noted in the caption.

Dated this 19th day of September, 2019.

J. Richard Creatura
United States Magistrate Judge